MCCULLOCH KLEINMAN LAW
Kevin P. McCulloch
kevin@mkiplaw.com
Nate A. Kleinman
nate@mkiplaw.com
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PABLO RAVAZZANI,<br><br>*Plaintiff*,<br><br>v.<br><br>HOUSE OF GILLES LLC, GILLES MENDEL, and CHLOE MENDEL CORGAN,<br><br>*Defendants*. | Civil Case No.<br><br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff PABLO RAVAZZANI ("Plaintiff" or "Ravazzani"), by and through undersigned counsel, hereby demands a trial by jury of all claims and issues so triable, and, as for his Complaint for copyright infringement against Defendants HOUSE OF GILLES LLC, GILLES MENDEL, and CHLOE MENDEL CORGAN (collectively "Defendants") hereby asserts and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement and related claims brought against Defendants for the unauthorized and infringing uses of Plaintiff's copyrighted photographs.

2. Plaintiff seeks damages and other relief related to Defendants' reckless and willful infringements of Plaintiff's copyrights in and to the original photographic works identified herein.

## PARTIES

3. Plaintiff is a professional photographer who makes his living by creating and licensing original photographic works.

4. Plaintiff is a resident of New York.

5. Plaintiff is the sole author of and registered owner of the copyrights to the creative works identified herein and that are the subject of this action.

6. Defendant House of Gilles LLC ("House of Gilles") is a New York limited liability company with its principal place of business at 40 West 37th Street, New York, New York 10018.

7. Defendant House of Gilles is a bespoke haute couture fashion label, focusing on special occasion and bridal gowns.

8. Upon information and belief, Defendant House of Gilles owns and operates the website located at www.houseofgilles.com, and owns and operates social media accounts on Instagram and Pinterest.

9. Upon information and belief, Defendants Gilles Mendel ("Mendel") and Chole Mendel Corgan ("Corgan") are co-founders and co-owners of House of Gilles.

10. Upon information and belief, Defendants Mendel and Corgan reside in New York and conduct substantial, ongoing business in this District, including the conduct at issue herein.

## JURISDICTION AND VENUE

11.     Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

12.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) since Defendants conduct substantial business in the State of New York and/or can be found in this district.

13.     Upon information and belief, Defendants each reside, are located, and/or conduct substantial and continuous business in this District.

14.     Defendants' conduct at issue in this action occurred in this District and Plaintiff's claims in this action arise from Defendants' conduct in this District.

## FACTUAL ALLEGATIONS

15.     In or about August of 2024, Plaintiff was hired by House of Gilles to create original photographs for a "lookbook" of the brand's apparel ("2024 Lookbook Shoot").

16.     Per the agreement between the parties, Plaintiff created original photographs (hereinafter, "Photographs") that he licensed to House of Gilles for a limited duration and a limited scope of use.

17.     Specifically, on or about September 4, 2024, Plaintiff granted a limited license to House of Gilles that permitted it to use the Photographs on its own website and social media platforms for a period of one (1) year.

18. House of Gilles accepted the terms of the license and paid the requisite license fee to Plaintiff.

19. On or about August 25, 2025 and again on September 3, 2025 – prior to expiration of its license – Plaintiff contacted Defendants to remind them of the license expiration and to inquire whether House of Gilles would like to renew its license.

20. Defendants did not respond to Plaintiff's notifications that the license was expiring and continued to use Plaintiff's Photographs beyond the expiration date.

21. On or about October 20, 2025, Plaintiff again contacted Defendants to expressly advise them that the continued use of his Photographs was a direct violation of the license agreement and demanded payment for the unauthorized, continued use of his Photographs.

22. Upon information and belief, Defendants copied, published, and displayed at least twenty-six (26) of Plaintiff's Photographs on the House of Gilles website and approximately the same number of Photographs on one or more of its social media platforms, and continued to display and use the Photographs on its website and social media accounts after the expiration of its limited license.

23. Upon information and belief, Defendants continued to use and display one of Plaintiff's Photographs on the House of Gilles Pinterest account (at https://se.pinterest.com/pin/1049409150728392369/) with a direct link to the House of Gilles website, despite the repeated notices from Plaintiff that the continued use of his Photographs is unauthorized and infringing.

24. Attached hereto as <u>Exhibit 1</u> are true and correct copies of the Photographs at issue here, all of which were created by Plaintiff and he owns all copyrights therein.

25. The full and complete scope of Defendants' infringing uses of Plaintiff's works has not yet been fully ascertained.

26. Upon information and belief, a reasonable opportunity for further investigation and discovery will yield evidence that Defendants' unauthorized, unlicensed, and infringing use and exploitation of Plaintiff's images is not limited to the infringements identified herein.

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

28. Plaintiff is the author and registered copyright owner of the Copied Photographs.

29. Plaintiff registered his copyrights in and to the Photographs with the U.S. Copyright Office under Registration No. VA 2-426-839 with an effective date of September 18, 2024.

30. As alleged herein, Defendants copied, reproduced, distributed, published, displayed, and/or otherwise used copies of Plaintiff's Photographs beyond the scope and in direct violation of the limited license issued by Plaintiff.

31. Defendants continued to use and display Plaintiff's Photographs on the House of Gilles website and social media platforms beyond the expiration of its license despite Plaintiff's repeated notices and multiple demands to remove the Photographs.

32. Defendants' conduct was willful, intentional, and/or reckless.

33. Through the conduct alleged herein, Defendants infringed Plaintiff's copyrights in and to each of the Photographs.

34. Upon information and belief, Defendants benefited from the unlicensed use of Plaintiff's Photographs through increased promotion and advertising of their apparel and brand

and increased customer traffic to their website and social media and deprived Plaintiff of the additional licensing fees that were required for the continued use of his Photographs.

35. The actions by Defendants described herein have caused Plaintiff significant injuries, losses, and damages, in an amount to be determined at trial.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A preliminary and permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's Photographs that are in the control or possession or custody of Defendants;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, damages incurred as a result of Plaintiff's loss of licensing revenue and Defendants' profits attributable to infringements, and any other cognizable damages suffered as a result of the Defendants' infringements;

4. Plaintiff's full costs, including litigation expenses, attorney fees, interest, and any other amounts authorized under law;

5. For such other and further relief as the Court deems just and proper.

Dated: February 9, 2026

Respectfully submitted,

/s/ Kevin McCulloch
Kevin McCulloch
McCulloch Kleinman Law
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358